NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAFETY NATIONAL CASUALTY CORP., Plaintiff - Appellee, v. ERIC G. BENDER, Defendant - Appellant, and OWEN HUNNEL, XAVIER SUMMERS, Defendants. | No. 24-6005 D.C. No. 2:23-cv-00437-CDS-MDC MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Submitted October 6, 2025**
Las Vegas, Nevada

Before: BENNETT, SANCHEZ, and H.A. THOMAS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Eric Bender appeals the district court's grant of summary judgment to Safety National Casualty Corp. ("Safety National") in this indemnification action. We have jurisdiction under 28 U.S.C. § 1291. "We review a district court's rulings on summary judgment motions de novo." *Donell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008). We affirm.

Safety National is the insurer for non-party WeNevada, LLC. WeNevada owns a Wendy's franchise where Xavier Summers and Owen Hunnel were employed and worked on August 27, 2021. That afternoon, Hunnel and Summers fought with Bender at a gas station, and Hunnel shot Bender in the back. Hunnel and Summers were charged with attempted murder and battery. Summers was convicted of assault with a deadly weapon, and Hunnel was convicted of battery with a deadly weapon. After Bender successfully brought tort claims against Summers and Hunnel in Nevada state court, Safety National sought a declaratory judgment that it had no duty to indemnify Summers and Hunnel under an insurance policy it had issued to WeNevada ("the Policy"). Following discovery, the district court granted summary judgment to Safety National because (1) "Hunnel and Summers were liable for their intentional torts of assault and battery, and because intentional torts are not accidents, they are not 'occurrences' as defined by the Policy," and (2) because Hunnel and Summers were acting outside the scope of their employment, they were not covered by the Policy.

1. The district court did not err in granting summary judgment to Safety National. The Policy provides coverage only for "bodily injury" or "property damage" caused by an "occurrence" within the "coverage territory." An "[o]ccurrence," is defined in the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Nevada law is clear that an injury caused by an insured's intentional tort is not an "occurrence." *See Beckwith v. State Farm Fire & Cas. Co.*, 83 P.3d 275, 276–77 (Nev. 2004) (en banc); *see also Hansen v. State Farm Mut. Auto. Ins. Co.*, No. 2:10-cv-01434-MMD-RJJ, 2012 WL 6204822, at *8 (D. Nev. Dec. 12, 2012) (interpreting Nevada state law in determining that "bodily injury resulting from intentional conduct cannot be an 'occurrence'" in the insurance policy context). Assault and battery, the predicate torts for Bender's state-law claims, are intentional torts. *See* Nev. Rev. Stat. §§ 200.471(1)(a); 200.481(1)(a). As such, there was no "occurrence" under the Policy. As the district court correctly determined, "Hunnel and Summers were liable for their intentional torts of assault and battery, and because intentional torts are not accidents, they are not 'occurrences' as defined by the Policy, and Safety National is not required to provide coverage."

The Policy, moreover, also establishes that individuals are only insured for acts committed "within the scope of their employment." The district court found that Hunnel and Summers's "intentional actions [did] not fall within the scope of

3                                                                 24-6005

their employment." Bender does not challenge this finding on appeal. Nor does anything in the record demonstrate how Hunnel and Summers's shooting Bender at a gas station could be construed as falling within the scope of their employment at a fast-food restaurant.

Bender makes the argument that "Hunnel and Summers were working . . . on the clock" when the assault and battery occurred. But as the district court correctly noted, it is irrelevant whether Hunnel and Summers were still on the clock:

> Even if Hunnel and Summers were still clocked in, I find it hard to imagine a situation where an off-premises assault and battery would fall within the scope of their employment or duties related to the conduct of Wendy's business.

Because the assault and shooting occurred outside the scope of Hunnel and Summers's employment, Hunnel and Summers were not insureds under the Policy.[1]

2. Bender also claims the district court erred in granting summary judgment before the completion of discovery. Bender contends that Safety National did not reasonably respond to his discovery requests and that the district court thus erred in improperly granting Safety National's motion for summary judgment. But Bender filed an untimely motion to compel two months after the close of discovery. The district court denied that motion on three independent bases: Bender's failure to comply with a local rule requiring that the motion set forth the text of his

---

[1] Because we affirm the district court's determination that the Policy did not cover Hunnel and Summers's conduct, we need not address Bender's remaining arguments.

interrogatories and document requests; Bender's failure to include a memorandum of points and authorities; and because Bender's motion was unreasonably untimely, particularly given that "[n]either Bender's Motion nor his reply provide[d] any explanation regarding the timing of his Motion, and more precisely why his Motion is untimely." The district court thus did not abuse its discretion in denying Bender's untimely motion. *See Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002) ("A district court abuses its discretion only if 'the movant diligently pursued its previous discovery opportunities.'" (quoting *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001))).

**AFFIRMED.**